UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case No. 15-20652

v.                                                  Chief District Judge Sean F. Cox
                                                        Magistrate Judge Kimberly G. Altman

MARTEZ HICKS,

        Defendant.

_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Martez Hicks is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On August 12, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons. For the reasons which follow, the government's motion is granted.

**Factual Background**

On June 17, 2019, Defendant was sentenced to 68 months incarceration and three years of supervised release following his conviction for RICO conspiracy, in

violation of 18 U.S.C. § 1962.  Defendant's conviction stems from his involvement in the Seven Mile Bloods gang.  His term of supervision began on August 5, 2022.

According to the violation report filed on August 9, 2024, Defendant is alleged to have violated the terms of his supervised release by engaging in new criminal activity.  Specifically, Defendant was arrested on August 8, 2024 with a firearm.[1]  As the government explained in its proffer, Defendant was found with a loaded handgun with an extended magazine after fleeing from officers and was only subdued after being tased.  Defendant was also with a group of other individuals in an area where a recent fatal shooting took place and in the Seven Mile Blood's territory.

A hearing on the supervised release petition is scheduled before Judge Cox on August 23, 2024.

**Analysis**

Because Defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of

---

[1] Defendant has been separately charged in a criminal complaint with felon in possession of a firearm related to the August 8, 2024 incident.  *United States v. Hicks*, 24-mj-30336.  Defendant made his initial appearance on the complaint on August 12, 2024.  Following the decision on the detention hearing on the supervised release violation, Defendant consented to detention on the complaint.

Criminal Procedure 32.1.  Under Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  8 U.S.C. § 3143(a)(1).  The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6).

The government argues that Defendant has not meet his burden as to flight or danger.  The Court agrees.  As the Court noted at the hearing, Defendant has been charged with a second federal offense – a gun offense – while under federal supervision.  The circumstances of the offense, particularly the location where it took place, are concerning.  Although Defendant appears to have been doing well under supervision for the past two years, including getting a job, this current conduct raises a concern for the safety of the community.  The only way to assure Defendant's appearance and safety of those in the community is for Defendant to remain in custody pending the hearing.  In sum, although the Court is not unsympathetic to Defendant, he has not met the high burden for being released pending a hearing on supervised release violations.  Fed. R. Crim. P. 32.1(a)(6).

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: August 13, 2024　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge